UNITED STATES DISTRICT COURT
OF MASSACHUSETTS (BOSTON)

Case#_____

Denver E Petit-Homme
V.
State of Massachusetts

## COMPLAINT

Here comes the plaintiffs Petit-Homme with a complaint against the State of Massachusetts pursuant to **28 USCS § 1915A** for Eighth Amendment right violation of failure to protect and Fourteenth Amendment right violation for conditions of confinement. The plaintiff is an ICE detainee at Bristol County Sheriff's officer. On March 20, 2019, the plaintiff fell off his bunk bed and fractured his eye and tore his tera ducts. These injuries neccessitated surgery, consistent medical attention and medication. The bed the plaintiff fell off wasa top bunk with no safety rails and no ladder to safelyclim on top or down. This accident happened as a result of inadequate saftey measures and the plaintiff suffered physical and mental trauma from this incident.

(1)Eighth Amendment-Endangerment/Failure to Protect "'
[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.'" Giroux v. Somerset Cty., 178 F.3d 28, 32 (1st Cir. 1999) (citations omitted). An Eighth Amendment claim challenging the conditions of a prisoner's confinement has an objective and subjective component. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To satisfy the objective component of a prison conditions claim, the deprivations alleged must be "extreme." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). The subjective component of an Eighth Amendment claim requires the plaintiff to demonstrate that the prison officials acted with deliberate indifference to the plaintiff's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).
The Eighth Amendment imposes duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer, 511 U.S. at 832-34 (quoting Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). An Eighth Amendment claim challenging conditions of confinement contains both an objective and a subjective component. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective component requires the inmate to demonstrate that she has been subjected to specific deprivations that are so serious that they deny her "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The subjective component requires the inmate to demonstrate that the prison officials acted with a "sufficiently culpable state of mind"; the state of mind is one of deliberate indifference to inmate health or safety. See Farmer, 511 U.S. at 834. That is, prison officials must have been subjectively aware of the conditions of confinement and disregarded the excessive risk that the conditions posed to Graham's health or safety. See Farmer, 511 U.S. at 834.

(2) **Fourteenth Amendment conditions of confinement**
pretrial detainees do have a protected liberty interest, under the Fourteenth Amendment, to avoid conditions of confinement that amount to punishment. See Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005) (pretrial detainees have a right to avoid conditions that manifest cruel and unusual punishment).2 As the First Circuit has explained: In order to establish a constitutional violation, a plaintiff's claim must meet both objective and subjective criteria. Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). First, the plaintiff must establish that, from an objective standpoint, the conditions of his confinement deny him the minimal measure of necessities required for civilized living. Id. Second, the plaintiff must show that, from a subjective standpoint, the defendant was deliberately indifferent to inmate health or safety. Id. Deliberate indifference, in this sense, is a mental state akin to criminal recklessness. Id. at 836-37.Surprenant, 424 F.3d at 18-19 (footnote and parallel citations omitted). Even when plaintiff's complaint is construed liberally, see Erickson, 551 U.S. at 94, and all reasonable inferences are drawn in his favor.

The plaintiff was seriously injured. He had to received stiches. He lost bodily functions which are permanent in duration. The defendants **the state of Massachusetts** are held liable for the plaintiff injury caused by their 8th and 14th Amendment rights violation which is grossly negligent. The plaintiff seeks $10 million in total relief for intentional or reckless infliction of emotional distress, violation of Eighth Amendment-Endangerment/Failure to Protect, pain and suffering.